UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EARL McAULEY,**<br><br>    Plaintiff,<br><br>    v.<br><br>**UNITED STATES,**<br><br>    Defendant. | Civ. No. 2:11-06930 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

      This matter comes before the Court on *pro se* Petitioner Earl McAuley's motion to vacate his criminal conviction under 28 U.S.C. § 2255 ("Section 2255"), on McAuley's motion for a writ of audita querela tolling the statute of limitation on his Section 2255 motion, and on McAuley's motions for discovery under Rules 6 and 7 of the Rules Governing Section 2255 proceedings. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons stated below, the motions are **DENIED** and the Petition is **DISMISSED** on timeliness grounds.

**I.  BACKGROUND**

      On March 23, 2008, Newark police officers observed Earl McAuley with drugs and a gun. McAuley pled guilty to one count of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). On June 30, 2009, the Court sentenced McAuley to a 77 month term of imprisonment. On November 28, 2011, more than two years after he was sentenced, McAuley petitioned to vacate his conviction under 28 U.S.C. § 2255 ("Section 2255").

**II.  DISCUSSION**

      Section 2255 allows a defendant convicted of a federal crime to collaterally challenge his conviction or sentence. *See* 28 U.S.C. § 2255. McAuley argues that

1

his conviction should be vacated under Section 2255 due to ineffective assistance of counsel. Recognizing that his claims are time-barred under Section 2255's statute of limitations, McAuley seeks to equitably toll, or extend, the limitations period through traditional equitable principles and through a writ of audita querela. McAuley also moves for discovery under Rules 6 and 7 of the Rules Governing Section 2255 proceedings. In response, the Government argues that McAuley's petition is time-barred and not subject to equitable tolling. The Government also argues that McAuley is not entitled to a writ of audita querela or discovery. The Court agrees with the Government in all respects.

### A. MCAULEY'S PETITION IS UNTIMELY UNDER 28 U.S.C. § 2255(f)

Under Section 2255(f), McAuley had one year in which to collaterally attack his conviction. The one year period began to run when McAuley's "judgment of conviction became final." 28 U.S.C. § 2255(f)(1).[1] Since McAuley did not take a direct appeal, his judgment of conviction became final for Section 2255 purposes 14 days after judgment was entered on June 30, 2009. *See Antigua-Diaz v. U.S.*, No. 11-6082, 2012 WL 4194500, at *2 (D.N.J. Sept. 17, 2012) ("When a defendant does not file a timely direct appeal, then the conviction and sentence become final, and the limitations period begins to run on the date on which the time for filing such an appeal expired.") (internal quotation and citation omitted); Fed. R. App. P. 4(b)(1)(A)(i).[2] Accordingly, McAuley had from July 14, 2009 until July 14, 2010 to collaterally attack his conviction under Section 2255. McAuley filed his petition on November 28, 2011, after the statute of limitations expired.

### B. MCAULEY IS NOT ENTITLED TO A WRIT OF AUDITA QUERELA

Attempting to overcome the fact that he filed his petition out of time, McAuley asks the Court to issue a writ of audita querela equitably tolling the

---

[1] Section 2255's statute of limitation runs from the latest of four dates. McAuley does not dispute that the limitations period in his case runs from when his judgment of conviction became final.

[2] At the time McAuley was sentenced, the Federal Rules of Appellate Procedure provided ten days, excluding weekends and holidays, to take a direct appeal. *U.S. v. Cobb*, 432 Fed. Appx. 76, 78 (3d Cir. 2011).

statute of limitations. The Court finds that McAuley is not entitled to a writ of audita querela.

At common law, the writ of audita querela provided for "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *Massey v. U.S.*, 581 F.3d 172, 174 (3d Cir. 2009). (quoting *U.S. v. Ayala*, 894 F.2d 425, 427 (D.C. Cir. 1990)). The writ is no longer available in civil cases, but it is "available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." *Id.* "[T]he fact that a [Section] 2255 Motion is be time-barred does not create a 'gap' to warrant extraordinary relief afforded under Audita Querela." *Arevalo v. U.S.*, No. 9-2923, 2009 WL 4015322, at *1 (D. Md. Nov. 18, 2009); *see also U.S. v. Valdez-Pacheco*, 237 F.3d 1077, 1080 (9th Cir. 2001) ("A prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."). Accordingly, a writ of audita querela cannot provide McAuley with the equitable tolling he seeks. The Court will **DENY** the writ of audita querela.

### C.     MCAULEY IS NOT ENTITLED TO EQUITABLE TOLLING

McAuley also suggests that equitable tolling is warranted under traditional equitable principles. McAuley is incorrect.

In certain circumstances, the one-year limitations period set forth in Section 2255(f) is subject to equitable tolling. *Miller v. N.J. State Dep't of Corrections*, 145 F.3d 616, 619, n.1 (3d Cir. 1998). "A petitioner seeking equitable tolling bears the burden to show that he diligently pursued his rights and that some 'extraordinary circumstances stood in his way.'" *McAleese v. Brennan*, 483 F.3d 206, 219 (3d Cir. 2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "The law is clear that courts must be sparing in their use of equitable tolling." *Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

McAuley argues that he is entitled to equitable tolling because his lawyer never followed through on a representation that he would "address [McAuley's] appeal rights fully." Petition for Writ of Audita Querela at 8; ECF No. 4.[3] Based on the documents McAuley provided in connection with his petition for a writ of audita querela, it appears that McAuley wrote his lawyer twice—once in 2009 and once in 2010—asking about the status of his appeal. ECF No. 6. It appears that McAuley never heard back.

---

[3] For purposes of this motion, the Court will construe McAuley's lawyer's representation to encompass collateral challenges under Section 2255.

Even if McAuley's two letters, spaced one year apart, constitute the due diligence required for equitable tolling, McAuley has still failed to establish an "extraordinary circumstance" that prevented him from filing a timely Section 2255 petition. The Third Circuit considered the "extraordinary circumstance" requirement in two cases, *Seitzinger v. Reading Hosp. & Med. Ctr.* and *Schlueter v. Varner*, 384 F.3d 69 (3d Cir. 2004). In *Seitzinger*, a plaintiff filed an untimely Section 2255 petition after discovering his attorney had lied about having filed the petition. The Third Circuit granted equitable tolling. In *Schlueter*, a plaintiff filed an untimely Section 2255 petition after his lawyer said he "would" file the petition but never followed through. *Schlueter*, 384 F.3d at 72. The Third Circuit denied equitable tolling. It noted that "[*Schlueter's*] situation differs sharply from that of the *Seitzinger* plaintiff who was misled by what the attorney said he had done, not by what he said he would do." *Id.* McAuley is like the plaintiff in *Schlueter* because he was misled by what his lawyer said he would do—namely "address" his appeal rights. As in *Schlueter*, the Court finds that there was no "extraordinary circumstance" that prevented McAuley from timely filing a Section 2255 petition. Accordingly, the Court will **DENY** McAuley's request for equitable tolling.

### D.   MCAULEY IS NOT ENTITLED TO DISCOVERY

Having found that McAuley's petition is time-barred, the Court will **DENY** his motions for discovery as moot. *See U.S. v. Desivo*, No. 9-2236, 2010 WL 2267080, at *9 (M.D. Pa. May 28, 2010) (denying motion for discovery where court denied motion to vacate under Section 2255).

### III.   CONCLUSION

For the foregoing reasons, the Court will **DISMISS** McAuley's petition as time-barred. It will **DENY** McAuley's request for a writ of audita querela. And it will **DENY** McAuley's motions for discovery on mootness grounds. An appropriate order follows.

                /s/ William J. Martini
                **WILLIAM J. MARTINI, U.S.D.J.**

**Date: February 19, 2013**